# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RANBAXY LABORATORIES, LTD. and RANBAXY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SYLVIA MATHEWS BURWELL, in her official capacity as Secretary of Health and Human Services; <br><br> MARGARET HAMBURG, M.D., in her official capacity as Commissioner of Food and Drugs; and <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, <br><br> Defendants. | Case No. 1:14-CV-01923-BAH <br><br> Hon. Beryl A. Howell |

## RESPONSE TO MINUTE ORDER

> Michael D. Shumsky (D.C. Bar No. 495078)*
> John K. Crisham (D.C. Bar No. 486491)
> Stephen S. Schwartz (D.C. Bar No. 477947)
> Robert A. Gretch (*pro hac vice* forthcoming)
> KIRKLAND & ELLIS LLP
> 655 15th Street N.W., Suite 1200
> Washington, D.C.  20005
> (202) 879-5000
> (202) 879-5200  fax
>
> *Counsel of Record
>
> *Counsel for Ranbaxy Laboratories, Ltd. and Ranbaxy, Inc.*

November 21, 2014

In response to this Court's November 20, 2014 minute order, the undersigned counsel for plaintiffs Ranbaxy Laboratories, Ltd. and Ranbaxy, Inc. ("Ranbaxy") states as follows:

1. We regret that we did not share with the Court or opposing counsel copies of the correspondence and other documents depicted in two PowerPoint slide presentations ("Deck One and Deck Two") that the undersigned counsel presented at this Court's November 19, 2014 hearing on plaintiffs' motion for a temporary restraining order ("the Hearing" on "the Motion") in advance of that Hearing. Complete copies of the Decks—which were combined by courtroom staff into a single document (with Deck One immediately preceding Deck Two) after the parties' arguments and marked as plaintiffs' TRO Exhibit 1—are being filed as Attachments 1 and 2 to this Response, along with the correspondence and documents they depicted.

2. As set forth in greater detail below, the two Decks were hastily assembled in our rush to prepare for the Hearing, and no decision was made about whether we would attempt to present any PowerPoint slides at the Hearing, or, if so, which slides we would attempt to present (*i.e.*, slides included in Deck One or those included in Deck Two), until literally minutes before the Hearing was convened. That said, we recognize that if there was any chance we were going to use the Decks, we should have shared them and the correspondence and documents they depicted in advance of the Hearing. We apologize to the Court and the parties for failing to do so.

3. Deck One outlines certain legal arguments that plaintiffs advanced in connection with their Motion, along with references to various statutes and case law that plaintiffs believe support the arguments advanced in the Motion (it also depicts excerpts from the November 4, 2014 FDA Decision plaintiffs are challenging, which already was filed as Exhibit 3 to the Complaint). Deck Two includes excerpts from the following four pieces of correspondence between Ranbaxy and the government, one of which previously was filed as an Exhibit to the Complaint and three of which are being filed as Attachments to this Response:

a. Attachment 3 — Letter from K. Beardsley and C. Shepard to G. Buehler, dated June 18, 2007 (8 pages)

b. Attachment 4 — Letter from U. Sankaran (for Ranbaxy Labs. Ltd.) to FDA's Office of Generic Drugs, dated Dec. 21, 2007 (1 page)

c. Attachment 5 — Draft Consent Decree Of Permanent Injunction, dated Aug. 13, 2010 (38 pages)

d. Letter from FDA to Ranbaxy Labs. Ltd., dated Feb. 5, 2008 (5 pages) (previously filed as Compl. Exh. 4)

4. Decks One and Two were prepared separately; created and stored in separate electronic files; and intended to address different issues in this case: Deck One to address certain legal issues, and Deck Two to respond to certain statements in the Opposition brief that the Federal Defendants had filed at approximately 4:39PM on Tuesday, November 18 (the "FDA Brief").[1]

---

[1] *See, e.g.*, FDA Brief at 34 (asserting that "Ranbaxy *claims to have evidence* that high-level FDA officials 'were involved in establishing a line of precedent under which the Agency granted TAs for both of these ANDAs'") (emphasis added); *id.* at 35 ("*[E]ven if it were true* that agency officials more consciously disregarded FDA's longstanding interpretation…") (emphasis added); *id.* at 41
(Continued…)

2

5. The Decks (and Deck Two in particular) also were prepared in haste. By 5:09PM on Tuesday, when intervenor-defendant Endo Pharmaceuticals, Inc. filed an affidavit accompanying its Opposition brief, the Federal Defendants and intervenor-defendants together had filed more than 100 pages of materials opposing the Motion. The Hearing was scheduled to begin in less than 24 hours.

6. Counsel for Ranbaxy immediately began drafting a reply brief in support of the Motion (the "Reply"), and worked literally around the clock to prepare that Reply. A preliminary draft was not completed by counsel and circulated to Ranbaxy until after 9AM on November 19, and counsel thereafter turned their focus to preparing PowerPoint slides for possible use at the Hearing. Though that possibility had been discussed previously and some eventual Deck One slides (but no Deck Two slides) had been drafted before Ranbaxy filed its Complaint on Friday afternoon, November 14, neither counsel for Ranbaxy nor Ranbaxy had made a final decision about whether to attempt to present any PowerPoint slides at the Hearing, or, if so, which slides to attempt to present (*i.e.*, slides that would become Deck One or slides that would become Deck Two).

7. Like Ranbaxy's draft Reply in support of the Motion, the contents of Deck One and Deck Two also remained in flux throughout the morning of November

---

("Preserving any claims to exclusivity may well have been Ranbaxy's principal objective during those negotiations, but the [Consent] Decree contains no recitals, "whereas" clauses, or any other language purporting to memorialize that objective, *let alone any meeting of the minds implementing it*.") (emphasis added; internal quotation and citation omitted); *id.* at 42 ("[N]othing in the Decree reflects any agreement by the parties or acknowledgement by FDA *that any Excepted Application (or, for that matter, any other Ranbaxy application) possesses or is eligible for exclusivity*.") (emphasis added).

3

19, and the Decks were not finalized, saved electronically (in separate files), and printed until approximately 12:10PM—just before the undersigned filed Ranbaxy's Reply and left for court. Even then, however, neither counsel for Ranbaxy nor Ranbaxy had made a final decision about whether to attempt to present any PowerPoint slides at the Hearing or, if so, whether counsel would attempt to present only Deck One, only Deck Two, or Decks One and Two. Indeed, the decision to present both Deck One and Deck Two (and to begin with Deck Two) was not made until approximately 1:45PM, just minutes before the Hearing began.

8. In light of the significant time pressure under which Ranbaxy's counsel was attempting to finalize and file the Reply, prepare for the Hearing, and get to court, we neglected to provide the correspondence and documents depicted in Deck Two to the Court and to opposing counsel before the Hearing, even though plaintiffs' counsel knew of the possibility that these materials might be used in Court. To reiterate, we recognize that this matter could have been handled more appropriately and that we should have brought copies of the documents depicted in Deck Two to the Hearing in case a decision ultimately was made to present Deck Two at the Hearing. We sincerely regret our failure to plan appropriately for that contingency and resulting failure to share copies of the underlying documents and correspondence with the Court or opposing counsel before presenting the Decks at the Hearing. Absent the time pressure we faced, we are confident that a better decision would have been made — and that better decisions will be made in the future, regardless of the circumstances.

Dated: November 21, 2014          Respectfully submitted,


By: /s/ Michael D. Shumsky
Michael D. Shumsky (D.C. Bar No. 495078)*
John K. Crisham (D.C. Bar No. 486491)
Stephen S. Schwartz (D.C. Bar No. 477947)
Robert A. Gretch (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
655 15th Street N.W., Suite 1200
Washington, D.C.  20005
(202) 879-5000
(202) 879-5200  fax

*Counsel of Record

*Counsel for Ranbaxy Laboratories, Ltd. and Ranbaxy, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 21st day of November, 2014, he caused the foregoing RESPONSE to be served upon the following via the Court's CM/ECF system:

Roger Joseph Gural
U.S. Department of Justice
1000 SW Third Avenue, Suite 600
Portland, OR 97204
(202) 307-0174

*Counsel for the Federal Defendants*

Douglas B. Farquhar
Hyman, Phelps & McNamara, P.C.
700 13th Street, NW, Suite 1200
Washington, DC 20005-5929
(202) 737-9624

*Counsel for Dr. Reddy's Laboratories, Inc.*

Chad A Landmon
Axinn, Veltrop & Harkrider LLP
950 F Street, NW, 7th Floor
Washington, DC 20004
(202) 721-5415

*Counsel for Endo Pharmaceuticals Inc.*

        /s/ Michael D. Shumsky
        Michael D. Shumsky

        *Counsel for Ranbaxy Laboratories, Ltd.
        and Ranbaxy, Inc.*